UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION – COLUMBUS

| | |
|---|---|
| **RICHARD GLENN,** : | **Case No.** |
| 1760 Rockcreek Drive : | |
| Grove City, Ohio 43123 : | **Judge** |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | **JURY DEMAND ENDORSED HEREON** |
| : | |
| **CITY OF COLUMBUS,** : | |
| 77 North Front Street, 1st Floor : | |
| Columbus, Ohio 43215 : | |
| : | |
| Defendant. : | |

## COMPLAINT

Now comes Plaintiff, Richard Glenn (hereafter "Plaintiff"), by and through undersigned counsel, and files their Complaint against Defendant City of Columbus (hereafter "Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f), and Title 4112 of the Ohio Revised Code.

2. Defendant is a Municipal Corporation in the State of Ohio, County of Franklin. At all times alleged herein Defendant was Plaintiff's employer as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(b), and Title 4112 of the Ohio Revised Code.

## JURISDICTION AND VENUE

1

3. Jurisdiction over the statutory violated alleged herein is conferred pursuant to 28 USC § 1331, 42 USC § 2000e, and supplemental jurisdiction pursuant to 28 USCS § 1367.

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

5. Plaintiff satisfied all pre-requisites for filing suit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates his allegations set forth above as if fully rewritten herein.

7. Plaintiff is an African American male.

8. Plaintiff has been employed with Defendant for approximately 13 years.

9. In 2023, Defendant promoted Plaintiff to Equipment Operator 2 in Defendant's Department of Public Utilities.

10. In 2023, Plaintiff's supervisor was Patrick Arter.

11. Defendant conducts yearly performance evaluations for its employees using the following ratings from highest to lowest: "exceeds expectations," "fully competent," "development needed," and "unacceptable."

12. Employees are rated based on the following seven categories: (1) Quality of Work; (2) Customer/Employee Relations; (3) Adaptability to Changing Conditions; (4) Initiative; (5) Quantity of Work; (6) Accepts Responsibility; and (7) Economy of Work Performance.

13. In addition to a performance rating, the employee's supervisor must provide examples to support the supervisor's rating of the employee's performance for each category.

14. Defendant utilizes annual performance evaluations to award merit raise increases and monetary bonuses.

15. In Plaintiff's 2023 performance evaluation, Arter rated Plaintiff highly and awarded Plaintiff five scores of "fully competent" and two scores of "exceeds expectations."

16. In 2024, Mike McNabb became Plaintiff's supervisor. McNabb is Caucasian.

17. Prior to his 2024 performance evaluation, Plaintiff reported to Christopher Latham, Maintenance Plant Supervisor, that he was concerned about McNabb performing Plaintiff's performance evaluation because McNabb regularly minimized Plaintiff's job duties and did not act similarly towards Plaintiff's Caucasian coworkers to do the same.

18. Latham is Caucasian.

19. McNabb gave Plaintiff six "fully competent" scores and one "exceeds expectations" score for Plaintiff's 2024 performance evaluation.

20. McNabb filled out Plaintiff's 2024 performance evaluation after only being Plaintiff's supervisor for two months.

21. Plaintiff later discovered that Latham interfered with Plaintiff's 2024 performance evaluation. Lathan completed the evaluation and provided the ratings and McNabb executed the evaluation as Plaintiff's supervisor.

22. The comments on Plaintiff's 2024 performance evaluation supported that Plaintiff should have received "exceeds expectations" in all seven categories.

23. Plaintiff's Caucasian coworkers received "exceeds expectations" ratings from similar comments.

24. As a result of his poor 2024 performance evaluation, Defendant denied Plaintiff a merit raise.

3

25. Further, Plaintiff was forced to take stress leave in January 2025 because McNabb and Latham are constantly treating Plaintiff differently than his Caucasian coworkers by requiring Plaintiff conduct work outside the scope of his job description.

26. Plaintiff returned to work on April 30, 2025 and Nicholas Burchette was assigned as Plaintiff's supervisor.

27. Burchette is Caucasian and has no prior experience as a supervisor.

28. In June 2025, Latham instructed Plaintiff to haul grit from the grit pad to the landfill in a semi-truck and trailer. However, Defendant's safety regulations require a dump truck to be used so that the semi-truck does not tip.

29. Plaintiff informed Latham of Defendant's safety regulations in an email and included several other supervisors in the email.

30. Latham then emailed Joshua Lutz, James Webber, Georffrey Hansen, and Staica Eckenwiler that Plaintiff did not feel "confident" or "safe" conducting his job duties and required additional training.

31. Latham does not suggest Plaintiff's Caucasian coworkers require additional training when they refuse to perform duties that are not safe pursuant to Defendant's safety policies.

32. Recently, Latham initiated disciplinary procedures against Plaintiff for reporting broken equipment.

33. Defendant treats Plaintiff differently because of Plaintiff's race.

**COUNT I**
**Violation of Title VII, 42 USC § 2000e, *et seq*. Ohio R.C. 4112**
**Race Discrimination**

34. Plaintiff incorporates his allegations set forth above as if fully rewritten herein.

4

35. Plaintiff is African American and is a member of a protected class.

36. Plaintiff was qualified for his position and received good performance reviews during his tenure.

37. Plaintiff was treated differently than other similarly situated Caucasian employees.

38. Defendant did not award Plaintiff merit pay increases despite his good performance reviews and even though Plaintiff's Caucasian coworkers were awarded merit pay increases with similar job performance.

39. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his race.

40. Defendant acted with malice and/or reckless malfeasance to Plaintiff's protected rights when Defendant minimized Plaintiff's job duties and treated Plaintiff differently than his Caucasian coworkers, and for such willful conduct, Defendant is liable for punitive damages.

41. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff suffered damages including, but not limited to, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, attorney fees and costs, and other benefits to which he was entitled in an amount to be determined at trial.

## COUNT II
### Violation of Title VII, 42 USC § 2000e, *et seq*. and Ohio R.C. 4112
### Retaliation

42. Plaintiff incorporates his allegations set forth above as if fully rewritten herein.

43. Plaintiff reported his supervisors' unequal treatment to Human Resources on more than one occasion.

5

44. After Plaintiff reported these issues to Human Resources, refused to award Plaintiff merit increases, disciplined Plaintiff, and continued to treat Plaintiff differently than his Caucasian coworkers.

45. Plaintiff's protected activities, including but not limited to his reports regarding his supervisors' unequal treatment regarding Plaintiff's job duties, are causally connected to Plaintiff's disciplinary actions and lack of merit pay increase.

46. Defendant's actions constitute retaliation as prohibited by Title VII and Title 4112 of the Ohio Revised Code.

47. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff suffered damages including, but not limited to, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, attorney fees and costs, and other benefits to which he was entitled in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Richard Glenn prays this Court award a judgment against Defendant City of Columbus on all counts for compensatory and punitive damages including, but not limited to, emotion and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALTOGETHER WITH such other relief as may be just, necessary, and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 232-8692
Facsimile: (614) 469-7170
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com
*Counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 232-8692
Facsimile: (614) 469-7170
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com
*Counsel for Plaintiff*